UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 13-23932-CV-MCALILEY
(CONSENT CASE)

ROBERT J. "BO" SUMMERS,

    Plaintiff,

v.

CARNIVAL CORPORATION, EDUARDO
CHAVEZ, M.D. and NISANTH, KK, R.N.

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

This case involves claims by the Plaintiff, a passenger on the *Carnival Magic* cruise ship, of malpractice by the ship's physician and nurse. Two of the three Defendants – Carnival, and the physician Eduardo Chavez, MD – have moved to dismiss the lawsuit.[1] Specifically, Defendant Eduardo Chavez, M.D. has filed a Motion to Dismiss Plaintiff's Amended Complaint Dated August 22, 2014 [DE 49], and Defendant Carnival Corporation has filed its Motion to Dismiss Plaintiff's Amended Complaint. [DE 51]. The motions are fully briefed. [DE 52, 53, 54, 55]. For the reasons set forth below, I grant Defendant Chavez's motion, and grant in part Defendant Carnival's motion.

---

[1] The third Defendant, nurse Nisanth KK evidently has not been served with the complaint.

1

## I. Background

In his Amended Complaint Plaintiff asserts claims of negligence against Defendants Chavez and Nisanth; and claims of vicarious liability, negligence based on apparent agency, and negligent hiring, retention and training against Defendant Carnival. [DE 44]. According to the Amended Complaint, while he was a passenger on the *MS Carnival Magic*, Plaintiff went to the ship's infirmary seeking treatment for an ulcer type sore on the sole of his right foot. [DE 44, ¶ 8]. Plaintiff asserts that he did not receive proper medical treatment and, as a result, his right leg below the knee had to be amputated after he left the ship. [*Id.* at ¶ 9].

## II. Analysis

### A. Chavez' motion to dismiss for lack of personal jurisdiction [DE 49]

Defendant Chavez moves to dismiss the claims filed against him, claiming this Court lacks personal jurisdiction over him. [DE 49].

The Amended Complaint invokes the general jurisdiction section of the Florida long-arm statute, Florida Statute section 48.193(2), as the basis for this Court's personal jurisdiction over Chavez. [DE 44, ¶ 3]. Under this provision of the long-arm statute, the plaintiff's claim need not arise from the defendant's conduct. Rather, a defendant submits to the general jurisdiction of the Florida courts when he has "engaged in substantial and not isolated activity within this state." Fla. Stat. section 48.193(2). Florida courts have construed "substantial and not isolated activity" to require a showing of "continuous and systematic general business contacts" between the nonresident

2

defendant and Florida. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1275 n. 16 (11th Cir. 2009).

Plaintiff bears the burden of establishing personal jurisdiction, *id.* at 1274, and must show that: (1) the Florida long-arm statute provides a basis for the assertion of personal jurisdiction, and (2) the exercise of personal jurisdiction over the defendant satisfies traditional notions of fair play and substantial justice under the Due Process clause of the Constitution. *Future Tech. Today Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).

In determining whether Plaintiff has met its burden, the Court must accept the facts as alleged in the complaint as true, to the extent that they are uncontroverted by the defendant's affidavits or deposition testimony. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). If a plaintiff pleads facts sufficient to establish a basis for personal jurisdiction, and a defendant provides affidavits controverting those allegations, the burden shifts back to the plaintiff to produce evidence supporting the exercise of jurisdiction. *Whitney Information Network, Inc. v. Xcentric Ventures, LLC*, 199 Fed.Appx. 738, 741 (11th Cir. 2006).

The Amended Complaint invokes personal jurisdiction over Chavez under the general jurisdiction section of the Florida long-arm statute, section 48.193(2). [DE 44, ¶ 3]. All the jurisdictional allegations regarding Chavez are in Paragraph 3 of the Amended Complaint:

> That at all times material, the Defendant EDUARDO CHAVEZ, M.D., was a medical doctor employed by the Defendant, CARNIVAL, as its ship's physician and was at all times acting within the scope and course of his

employment with CARNIVAL. That the Defendant, EDUARDO CHAVEZ, M.D. is not a resident of the State of Oklahoma. That prior to the incident with is the subject matter of this lawsuit, DR. CHAVEZ has been employed with CARNIVAL through a series of written employment agreements. That DR. CHAVEZ has served on several different CARNIVAL ships which embark from ports in the State of Florida and then return to Florida at the end of each cruise. That while the ships are in Florida ports and territorial waters, DR. CHAVEZ has duties as the shipboard physician which require him to be in the ship's hospital to see and treat patients, both crew and passengers. That in addition to practicing medicine in the State of Florida while the ships are in Florida ports or territorial waters, DR. CHAVEZ, as part of his employment with CARNIVAL, has attended annual seminars which have been conducted in Miami-Dade County, which last approximately one week, and that DR. CHAVEZ's expenses in attending the seminars, including accommodations and food have been paid for by CARNVIAL. That further, as part of his employment contract with CARNIVAL, CARNIVAL has agreed to provide indemnity to DR. CHAVEZ for any claims or lawsuits brought against him such that Dr. Chavez anticipated being "hailed" into a Court in Florida.

[DE 44, ¶ 3]. Chavez does not dispute these allegations, and Chavez' deposition testimony is generally consistent with them [DE 39-1], and thus the Court accepts them as true. Chavez argues, however, that these facts are insufficient, as matter of law, to support an assertion of general personal jurisdiction under the Florida long-arm statute [DE 49], and I must agree.

In support of his assertion that he does not have continuous and systematic contacts with Florida, Chavez provided an affidavit. Chaves avers that: (1) he is a citizen of Mexico, and has never been a citizen or resident of Florida; (2) he does not operate, conduct, engage in, carry on, or transact business in Florida; (3) he does not maintain an offices, a place of business, a post office box, or telephone listing in Florida; (4) he does not currently, nor has he ever, had any real estate or other interest in property in Florida; (5) he has not paid taxes in Florida, nor been obligated to do so; (6) he has not

4

knowingly conducted any business activities in Florida which would subject him to the jurisdiction of Florida courts; and (7) he has never filed a lawsuit in Florida nor has any Florida court invoked jurisdiction over him. [DE 49-1]. Plaintiff does not dispute the facts set forth in Chavez' affidavit; thus, the Court accepts them as true. Plaintiff also agrees that the alleged malpractice in this case did not occur in a Florida port or Florida territorial waters. [DE 52, p. 6].

The issue facing the Court, then, is whether Chavez' contacts with Florida alleged in the Amended Complaint, along the facts set forth in Chavez' affidavit, amount to the continuous and systematic general business contacts necessary to support the exercise of general personal jurisdiction over Chavez under section 48.193(2).

A number of courts have declined to find general jurisdiction over a nonresident member of the medical staff of a cruise ship where the medical defendant had contacts with the forum that were quite similar to those alleged about Chavez here. For example, in *Rinker v. Carnival Corp.*, No. 09–23154–CIV, 2011 WL 3163473, * 3 (S.D. Fla. July 26, 2011), the Court considered whether a cruise ship nurse's activities in Florida were sufficient to show the continuous and systematic general business contacts necessary to establish general jurisdiction. The evidence showed that the nurse was indemnified by Carnival, which was located in Florida, had appointed Carnival as her limited agent, had received professional training in Florida, had worked aboard ships that docked in Florida, had entered into contracts with Carnival, and had her salary processed by Carnival's

office in Miami. The Court found that these contacts did not support the exercise of general jurisdiction over the nonresident nurse. *Id.* at * 3-4.[2]

Plaintiff concedes that courts have held, under facts similar to those alleged here, that cruise line medical staff are not subject to general personal jurisdiction under 48.193. [DE 52, pp. 6-7]. Plaintiff nonetheless asks this Court to exercise general jurisdiction over Chavez, relying primarily on *dicta* in *Benson v. NCL*, 859 So.2d 1213 (Fla. 3d DCA 2003), and the dissent in *Taylor v. Guiterrez*, 129 So.3d 415 (Fla. 3d DCA 2013). [DE 52, pp. 7-10]. Neither case supports the exercise of general personal jurisdiction over Dr. Chavez.

In *Benson*, the alleged malpractice occurred in Florida waters and thus supported a finding of personal jurisdiction under one of the specific jurisdiction provisions of the Florida long-arm statute – not the general jurisdiction provision at issue in this case. 859 So.2d at 1214.[3] Plaintiff's reliance on *Taylor* is even less persuasive, as the majority concluded, on facts substantially similar to those present in this case, that the court lacked general personal jurisdiction over the nonresident shipboard physician. 129 So.3d at 418.

Because I find that Plaintiff has failed to carry his burden to show the continuous and systematic contacts between Chavez and Florida necessary to establish general personal jurisdiction over Chavez pursuant to section 48.193(2), I grant the motion to dismiss.

---

[2] The additional decisions cited in Chavez's Motion to Dismiss reach the same conclusion. *See* DE 49, p. 3.

[3] As already noted, there is no dispute that Chavez' alleged malpractice occurred while the ship was in the Bahamas. [DE 49-1, ¶ 8].

### B. Carnival's motion to dismiss for failure to state a claim [DE 51]

Carnival moves to dismiss Counts III, IV, V, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6) a complaint must allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Pescatrice v. Orovitz*, No. 07-60653-CIV, 2007 WL 3034929, at * 1 (S.D.Fla. Oct. 17, 2007) (to survive a motion to dismiss, a complaint must contain factual allegations sufficient to raise a right to relief above the speculative level). In other words, the complaint must identify facts that are suggestive enough to render each element plausible. *Watts*, 495 F.3d at 1296.

Because the purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the plaintiff's claims, the analysis is limited primarily to the face of the complaint and attachments thereto. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). In evaluating a motion to dismiss, the court must construe the complaint broadly, *Watts*, 495 F.3d at 1295, assume the facts alleged in the complaint are true, and draw all reasonable inferences from those facts in favor of the plaintiffs. *Pescatrice*, 2007 WL 3034929, at * 1.

#### i. vicarious liability (Counts III, and IV)

In Counts III, and IV, Plaintiff seeks to hold Carnival responsible for the alleged negligence of the medical Defendants, Chavez and Nisanth KK, under the doctrine of vicarious liability. [DE 44, ¶¶ 16-19]. Carnival does not claim that Plaintiff failed to

7

properly allege the elements of a vicarious liability claim. Carnival only argues that Counts III and IV must be dismissed with prejudice based on the Fifth Circuit case of *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364 (5th Cir. 1988), and its progeny. [DE 51, pp. 2-6]. *Barbetta* held that general maritime law does not impose liability on a ship owner under the doctrine of vicarious liability, in particular *respondeat superior*, for the negligence of the ship's medical staff in the care and treatment of passengers. 848 F.2d at 1372.

After the filing of the motion to dismiss, the Eleventh Circuit, in *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014), explicitly refused to adopt the holding in *Barbetta*. Rather, the Eleventh Circuit held that a plaintiff can bring a claim for vicarious liability against a cruise line for the negligence of its medical staff in their care and treatment of passengers. 772 F.3d at 1248. Because Carnival's only basis for moving to dismiss Counts III and IV was the holding in *Barbetta*, and the Eleventh Circuit has rejected this holding, Carnival's motion to dismiss Counts III and IV is denied.

### ii. apparent agency (Count V)

Carnival also moves to dismiss Count V, which asserts a claim against it for the negligence of its medical staff based on the doctrine of apparent agency. Carnival first argues that this claim is simply an attempt to circumvent the holding in *Barbetta*. Carnival also argues that Plaintiff cannot state a claim for apparent agency because the guest ticket contract makes clear that the ship's physician is an independent contractor. [DE 51, pp. 6-8].

As for the first argument, the Court in *Franza* made clear that a party can bring a claim for onboard medical negligence against a ship owner under the doctrine of apparent agency. *Franza*, 772 F.3d at 1251 ("Having long applied the principles of apparent agency in maritime cases, we can discern no sound basis for allowing a special exception for onboard medical negligence, particularly since we have concluded that actual agency principles ought to be applied in this setting as well.").

Carnival's second argument is equally meritless. "[A]pparent agency liability requires finding three essential elements: first, a representation by the principal to the plaintiff, which, second, cause the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit, and which, third, induces the plaintiff's detrimental, justifiable reliance on the appearance of agency." *Franza*, 772 F.3d at 1252.

Plaintiff has alleged these three elements. First, Plaintiff alleges that Carnival made representations to Plaintiff that the medical staff on the ship were acting as Carnival's agents. [DE 44, ¶¶ 22-29]. Second, Plaintiff alleges that based on these representations, he reasonably believed that the medical staff was acting as direct employees or actual agents of Carnival; and, third, he alleges that he relied to his determent on this belief. [*Id.* at ¶¶ 31-2].

Although not clearly articulated in the motion to dismiss, Carnival appears to argue that Plaintiff's alleged belief that the medical staff were the employees or agents of Carnival was *per se* unreasonable, because the guest ticket stated that the ship's physician was an independent contractor. [DE 51, pp. 7-8]. The Court in *Franza* rejected a similar argument. That Court declined to consider the passenger ticket contract at the motion to

9

dismiss stage for three reasons: (1) the plaintiff did not attach the contract to the complaint; (2) the complaint did not mention the contract; and (3) the court will not consider the medical staff "to be independent contractors simply because that is what the cruise line calls them." 772 F.3d at 1237-8. For the same reasons articulated in *Franza*, I decline to rely on the guest ticket contract to find that Plaintiff has failed to plead an apparent agency claim against Carnival.

In summary, I find that *Barbetta* does not foreclose a claim based on apparent agency, and Plaintiff has sufficiently alleged such a claim. I deny the motion to dismiss Count V of the Amended Complaint.

### iii. negligent hiring, retention and training (Count VI)

Carnival also argues that Plaintiff fails to state a claim for negligent hiring, retention and training of the medical staff on the ship. [DE 51, pp. 9-13]. Under Florida law, in order to state a claim for negligent hiring or retention, a plaintiff must allege facts "showing that the employer was put on notice of the harmful propensities of the employee." *Stires v. Carnival Corp.*, 243 F.Supp.2d 1313, 1318 (M.D. Fla. 2002). "The principal difference between negligent hiring and negligent retention as a basis for employer liability is the time at which the employer is charged with knowledge of the employee's unfitness." *Id.* Negligent hiring occurs when, before the employee has been hired, the employer knew or should have known of the employee's unfitness, and liability typically focuses on the adequacy of the employer's pre-employment investigation. *Id.*

Here, Plaintiff does not allege any facts regarding Carnival's pre-employment investigation of the medical Defendants, or their post-employment performance. Plaintiff

10

does not allege any facts whatsoever about the medical defendants' training and qualifications, much less facts that would render plausible a claim that Carnival knew or should have known at the time of their hiring, or during their employment, that they were unfit to perform as medical staff on the cruise ship.

Neither party has provided the elements for a claim of negligent failure to train. Notably absent from the Amended Complaint are any facts that could support a claim that Carnival failed to properly train the medical staff. The only allegation in the Amended Complaint regarding training is that: "Dr. Chavez, as part of his employment with Carnival, has attended annual seminars which have been conducted in Miami-Dade County, which last approximately one week . . . ." [DE 44, ¶ 3]. This lone allegation provides no basis for plausibly finding that Carnival acted negligently. *See Pierre v. City of Miramar, Florida*, 537 Fed.Appx. 821, 825 (11th Cir. 2013) (affirming dismissal of claims for negligent hiring, retention, training and supervision where plaintiff did not allege facts showing that defendant: (1) failed to do an adequate pre-hire investigation, (2) knew or should have known that employees were unfit for their position, (3) later became aware that employees were unfit but failed to take action, or (4) failed to train the employees).

In summary, because Plaintiff has failed to allege facts that are suggestive enough to render each element of his claim for negligent hiring, retention and training plausible, I grant Carnival's motion to dismiss Count VI, with leave to amend.

## III. Conclusion

Based on the foregoing, the Court ORDERS as follows:

1. Defendant Eduardo Chavez, M.D.'s Motion to Dismiss Plaintiff's Amended Complaint Dated August 22, 2014 [DE 49], is GRANTED with prejudice.

2. Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Amended Complaint [DE 51], is GRANTED in part. The motion to dismiss Counts III, IV and V is denied. The motion to dismiss Count VI is granted, with leave to amend.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of April, 2015.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE


Copies furnished:

All Counsel